UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WESLEY DANA PLANTE d/b/a LAND PLAN ASSOCIATES | : | |
| v. | : | C.A. No. 07-156ML |
| ALLAN M. SHINE, Receiver of Freedom Bay Cottages, LLC | : | |

**REPORT AND RECOMMENDATION FOR SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

**Background**

Before this Court for Determination is Plaintiff's Application to Proceed *In Forma Pauperis* ("IFP") (Document No. 2) pursuant to 28 U.S.C. § 1915. On May 7, 2007, Plaintiff Welsey Dana Plante d/b/a Land Plan Associates filed a Complaint alleging a cause of action under "U.S. CIVIL CODE, ENVIRONMENTAL LAW # _____." On the Civil Cover Sheet, Plaintiff described his suit as "unfound neglect of soils/conditional impact on flooding; RAWP Impact on wetlands and pollution" and demands $32.1 million. Plaintiff's Complaint was accompanied by an Application to Proceed IFP without being required to prepay costs or fees, including the $350.00 civil case filing fee. After reviewing Plaintiff's Application signed under penalty of perjury, this Court concludes that Plaintiff has not provided sufficient financial information at this time for the Court to determine

IFP status[1] and thus, Plaintiff's Application to Proceed IFP (Document No. 2) is DENIED without prejudice.

However, in assessing IFP status, this Court is also required by statute to further review the Plaintiff's Complaint *sua sponte* under 28 U.S.C. § 1915(e)(2) and to dismiss this suit if it is "frivolous or malicious," or "fails to state a claim on which relief may be granted." For the reasons discussed below, this Court recommends that Plaintiff's Complaint be DISMISSED without prejudice because, as currently drafted, it is "frivolous" and/or "fails to state a claim on which relief may be granted" pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The standard for dismissal of an action taken IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The First Circuit has held that the affirmative defense of the statute of

---

[1] For instance, Plaintiff reports owning certain mineral rights in Alaska but does not disclose the value of such rights. He reports that he receives support from Carolyn W. Plante but does not describe the type or amount of such support. Further, Plaintiff reports past or anticipated revenue from self-employment and accident "dividends" but does not sufficiently specify the amount, date or frequency of such revenue. Finally, Plaintiff reports that he transferred an asset valued at "120 million dollars" within the last twelve months but his description of the asset and its liquidity is unclear at best.

limitations may justify dismissal under Section 1915, see Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991), and other courts have upheld dismissals under Section 1915 because of other affirmative defenses appearing on the face of a complaint. See e.g., Kimble v. Beckner, 806 F.2d 1256, 1257 (5th Cir. 1986).

**Discussion**

This Court is recommending that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). In making this recommendation, this Court has taken all of the allegations in Plaintiff's Complaint as true and has drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, this Court has liberally reviewed the Plaintiff's allegations and legal claims since they have been put forth by a *pro se* litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, there are two fundamental legal deficiencies apparent from its face which warrant its summary dismissal. These deficiencies are discussed in more detail below.

Plaintiff's Complaint is disjointed and confusing. He makes reference to the "U.S. Civil Code, Environmental Law" but intentionally leaves a blank line for the particular section of the U.S. Code upon which his suit is based. His Complaint consists of six "whereas" clauses. It does not contain a caption including the names of all parties to the case, as required by Fed. R. Civ. P. 10(a) and LR Cv 5(a)(1), or a "short and plain statement" of the basis for jurisdiction, basis for claim and relief sought, as required by Fed. R. Civ. P. 8(a).

It appears that Plaintiff's Complaint relates to an unfinished condominium project located on a 106-acre parcel in Portsmouth and Middletown known as Freedom Bay. The project went into receivership in 2006. See Stock Building Supply, Inc. v. Freedom Bay Cottages, LLC, et al., NM

2006-0495 (Newport County Superior Court). Plaintiff's Complaint acknowledges that the project is in "receivership" and, according to the Civil Cover Sheet and Plaintiff's IFP Application, his claim is made against the "Receiver of Freedom Bay Cottages, LLC."

From Plaintiff's Complaint, it is impossible to ascertain what specific federal law his claim is based upon, what relief he is seeking or what standing he or his "dba" Land Plan Associates has to pursue an environmental claim against the Freedom Bay project through its Receiver.[2] It is also impossible to ascertain from the Complaint any legal or factual basis for Plaintiff's assertion that he is entitled to $32.1 million in damages. It appears that Plaintiff has taken it upon himself to redesign the project and wants this Court to adopt and impose his redesign on the project through the Receiver. In particular, Plaintiff asks this Court:

> to gentrify the Zoning and Remediate a mixed contextural site development plan for incorporating a 3/4 acre lot subdivision of condominium homes for distinct age categories: this will be known as the Declaration of a Residential Re-Zone with Restrictions Masterplan By this U.S. District Court, Adapted by Land Plan Associates, Urban Designers and Environmental Planners, located at 172 Taunton Avenue, Suite 2, East Providence, R.I. 02914.

Plaintiff's Complaint, p. 1 (4th whereas clause).

Generally, zoning and land use are considered matters of local concern and federal/state comity principles dictate against a federal court rezoning or redesigning a development project which has received any necessary state and local approvals. See Steel Hill Dev., Inc. v. Town of Sanbornton, 469 F.2d 956, 960 (1st Cir. 1972) ("a [federal] court does not sit as a super zoning

[2] On December 18, 2006, the Superior Court issued an Order Appointing Allan Shine as Permanent Receiver of Freedom Bay Cottages, LLC, Adult Assisted Care Associates, LLC and Somerfield Builders, LLC ("Defendants") and "Restrained and Enjoined" the prosecution of any suits or claims against "Defendants, or any of their property, in any Court, agency, tribunal, or elsewhere." Plaintiff's Complaint does not assert that he has obtained relief from this Order of the Superior Court or has otherwise been excused from presenting any claim as to the property to the Receiver in the State Court Receivership proceeding.

board"). Based on the current Complaint, this Court does not see any basis for federal jurisdiction or any legal basis for the unusual "Residential Re-Zone" relief which Plaintiff apparently seeks or his $32.1 million demand.

**Conclusion**

For the reasons stated, Plaintiff's Motion to Proceed In Forma Pauperis (Document No. 2) is DENIED without prejudice. Further, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii), this Court recommends that Plaintiff's Complaint (Document No. 1) be DISMISSED without prejudice.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
May 14, 2007